UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General of
the State of Michigan,

        Plaintiff,

No.

HON.

VINTNERS COLLECTIVE, LLC,

        Defendant.

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND MICHIGAN CONSUMER PROTECTION ACT**

Attorneys for Plaintiff

DANA NESSEL
Attorney General

Daniel Felder (P68920)
Rosendo Asevedo, Jr. (P28369)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
FelderD1@michigan.gov

Dated:  October 6, 2020

## I. PRELIMINARY STATEMENT

1. Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Vintner's Collective, LLC, (Vintner's Collective) and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2. Vintner's Collective has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3. These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4. The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5. In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted to stop Vintner's Collective from making illegal sales and shipments by issuing a cease and desist letter. See Exhibit 1.

6. Vintner's Collective failed to comply with the cease and desist request.

7. Vintner's Collective continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8. The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof." U.S. Const. Amend. XXI, § 2.

9. This lawsuit is required to restrain Vintner's Collective from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens. *See* 27 U.S.C. § 122a(b)(1)-(2).

## II. PARTIES

10. Plaintiff, Attorney General Dana Nessel, brings this suit in her official capacity.

11. Defendant, Vintner's Collective, is a California limited liability company located at 1245 Main St., Napa, California, 94559.

## III. JURISDICTION

12. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or

3

has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b).

13. "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind." 27 U.S.C. § 122a(2).

14. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15. Vintner's Collective is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16. Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**IV.   VENUE**

17. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with

4

section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18. Vintner's Collective has made illegal sales and shipments of intoxicating liquor to an MLCC investigator who resides in Ferndale, Michigan.

19. Ferndale, Michigan, is located in the Eastern District of Michigan federal judicial district.

20. Venue in the Eastern District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

**V. BACKGROUND**

21. Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

22. For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Vintner's Collective is violating Michigan laws governing the transportation and importation of intoxicating liquor.

23. Vintner's Collective continues to sell and ship wine directly to Michigan consumers despite not qualifying for or holding a direct shipper license in the State of Michigan. Vintner's Collective's activities constitute illegal importation of intoxicating liquors.

24. Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an

5

authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich. Comp. Laws § 436.1203(1).

25. "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as bellowing to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

26. Michigan allows only "direct shipper" licensees to sell and ship wine from outside the state directly to consumers in Michigan. *See* Mich. Comp. Laws § 436.1203(4). "Direct shipper" is defined in the Michigan Liquor Control Code as "a person who sells, delivers, or imports wine, to consumers in this state, that he or she produces and bottles . . . and that is transacted or caused to be transacted through the use of any mail order, internet, telephone, computer, device, or other electronic means[.]" Mich. Comp. Laws § 436.1203(25)(i).

27. Only a licensed Michigan wine maker or an out-of-state wine producer and bottler holding both a federal basic permit and a license to manufacture wine in its state of domicile may qualify for a direct shipper license. Mich. Comp. Laws § 436.1203(10).

28. Wine satisfies the definitions of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

## VI.     FACTS

29.     Vintner's Collective has not applied for or received a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

### 2017 Shipments

30.     In January 2019, an MLCC investigator reviewed a common carrier report that United Parcel Service had submitted to the MLCC pursuant to Mich. Comp. Laws § 436.1203 concerning shipments of intoxicating liquor into Michigan in 2017.  Seven shipments were listed as being shipped to Michigan addresses by Vintner's Collective, LLC d/b/a Vintner's Collective & Vintner's Collective-TC.

### Cease and Desist Letter

31.     Based on the MLCC investigator's findings, the Michigan Department of Attorney General sent a cease and desist letter to Vintner's Collective's mailing address on or about September 25, 2019.  Exhibit 1.

32.     Additional copies of the cease and desist letter were sent to the registered agent for Vintner's Collective, as well as the address licensed by the California Department of Alcoholic Beverage Control.  Exhibit 2.

33.     The letters were sent via certified mail to each address, return receipt requested.  Dustin Harmon signed as "agent" on October 3, 2019, for the letter sent to the mailing address located at 1245 Main St., Napa, CA, 94559. Kim Erasmy-Murphy signed for the letter sent to the additional address of record located at 1230 Darling St., Napa, CA, 94558 on October 7, 2019.  The letter sent to the registered agent, Garret Murphy, at 46 Windsor Ct., Napa, CA, 94558, was returned and

7

marked "refused," and the other letter sent to that address came back marked "vacant."

34.     The cease and desist letter also included excerpts from a common carrier report from United Parcel Service for the time period of January 2017 to August 2017 that reflected seven shipments of alcoholic liquor into Michigan by Vintner's Collective.  Exhibit 3.

35.     The cease and desist letter informed Vintner's Collective that its practice of directly shipping wine to consumers in the State of Michigan without possessing a direct shipper license is illegal.  Furthermore, the cease and desist letter stated that legal action would result if Vintner's Collective continued its illegal activity of selling and shipping alcoholic liquor to consumers in Michigan without the proper license.  See Exhibit 1.

36.     On October 8, 2019, a representative of Vintner's Collective advised the Department of Attorney General by email that the company had received the cease and desist letter and would no longer ship wine to Michigan customers without proper licensing.  Exhibit 4 (email).

**Subsequent Shipments**

37.     To investigate whether Vintner's Collective had discontinued its illegal shipments following the September 25, 2019 cease and desist letter and October 8, 2019 communication, an MLCC investigator reviewed United Parcel Service's common carrier reports for the calendar year 2019.  The report showed that Vintner's Collective continued to illegally ship intoxicating liquor into Michigan

after it had received the cease and desist letter and had advised the Department of Attorney General that it would no longer ship wine into Michigan without licensure. Exhibit 5 (report excerpts).

38. Thereafter, on April 1, 2020, an MLCC investigator placed an order on Vintner's Collective's website, www.vintnerscollective.com, for the purchase and shipment of one 750 ml bottle of 2018 Azur Rose wine. Exhibit 6 (order documentation).

39. The MLCC investigator purchased the bottle of wine for $36.00 and paid $2.79 in taxes and $24.00 for shipping. Exhibit 6.

40. On or about April 7, 2020, the MLCC investigator received a package containing a 750 ml bottle of 2018 Azur Rose wine at 3271 Inman St., Ferndale, MI 48220. Exhibit 7 (photographs of package).

41. The return address on the package fulfilling the investigator's order read: Concierge Package Service, 21481 8th St. E, Sonoma, CA, 95476-9291. Exhibit 8 (photograph of return address label). Concierge Package Service also lacks a license permitting it to ship wine into Michigan.

42. On August 21, 2020, the investigator placed another order on Vintner's Collective's website, www.vintnerscollective.com, for the purchase and shipment of a 750 ml bottle of Ancien 2017 Jouissance Russian River Valley Pinot Noir and a 750 ml bottle of Ancien 2017 Sangiacomo Pino Gris. Exhibit 9 (order documentation).

43. The MLCC investigator purchased the bottles of wine for $87.00 and paid 6.74 in taxes and $26.00 for shipping. Exhibit 9.

44. On or about September 22, 2020, the MLCC investigator received a package containing both bottles of wine at 3271 Inman St., Ferndale, MI 48220. Exhibit 10 (photographs of package).

45. The return address on the package fulfilling the investigator's order read: Candice Harper, (707) 259-1980, Vintners Collective, 1785 – B Tanen St., Napa, CA 94559-1326. Exhibit 11 (photograph of return address label).

## COUNT I

### CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

46. Plaintiff incorporates by reference paragraphs 1-45 as if fully restated herein.

47. Subsection (b) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--
>
> (1) restrain the person from engaging, or continuing to engage, in the violation; and
>
> (2) enforce compliance with the State law.

48. Because Vintner's Collective lacked a direct shipper license, its sale of wine and its shipment of wine, including its shipment through Concierge Package Service, to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

49. Because Vintner's Collective does not fit within one of the categories of persons permitted to sell, deliver, or import wine or beer in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

50. Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

51. Defendant has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor. That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

52. Absent temporary and permanent injunctive relief, Defendant may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

53. All nonjudicial means of restraining Vintner's Collective from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

54. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Vintner's Collective from making future sales and shipments of alcoholic liquor to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

55. Plaintiff incorporates by reference paragraphs 1-54 as if fully restated herein.

56. Vintner's Collective has engaged in illegal alcohol sales and shipments to a Michigan consumer.

57. These practices by Vintner's Collective constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practice in the conduct of trade or commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Vintner's Collective has:

(a) Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.

* * *

(c) Represent[ed] that goods . . . have approval . . . that they do not have . . . .

* * *

(n) Caus[ed] a probability of confusion or of misunderstanding as to the legal rights . . . of a party to a transaction.

* * *

(s) Fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer.

* * *

(bb) Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.

(cc) Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

58. Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

59. Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

<strong><u>REQUESTED RELIEF</u></strong>

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a) Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining Defendant from continuing to violate the applicable provisions of the Michigan Liquor Control Code;

b) Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c) The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan Consumer Protection Act, specifically $25,000.00 for each violation of the Act, including violations learned of through the course of discovery, Mich. Comp. Laws § 445.905(1);

d) Reimbursement of investigative expenses incurred, Mich. Comp. Laws § 445.905(1);

e) An award of costs and attorney fees, Mich. Comp. Laws § 445.905(1);

f) Any other relief determined to be just and appropriate.

Respectfully submitted,

DANA NESSEL
Attorney General

/s Daniel Felder
Daniel Felder (P68920)
Rosendo Asevedo, Jr. (P28369)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI 48033
(313) 456-1180
FelderD1@michigan.gov

Dated: October 6, 2020